Michele Haydel Gehrke (SBN 215647)
Email:    mgehrke@reedsmith.com
Brian K. Morris (SBN 281409)
Email:    bmorris@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Brian K. Morris (SBN 281409)
Email:    bmorris@reedsmith.com
REED SMITH LLP
2850 N. Harwood Street
Suite 1500
Dallas, TX  75201
Telephone: +1 469 680 4200
Facsimile: +1 469 680 4299

Attorneys for Defendant
United Airlines, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL BOOHER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC. a Delaware Corporation; and DOES 1-20, inclusive,<br><br>Defendants. | No.<br><br>Compl. Filed:   August 5, 2020 |

**Table of Contents**

| Exhibit | Description | Page |
|---|---|---|
| A | Summons and Complaint | 1-24 |

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
08/12/2020
CT Log Number 538083263

TO: Maria Bustamante, Paralegal-Litigation
United Airlines, Inc.
609 MAIN STREET, 16TH FLOOR/HSCPZ
HOUSTON, TX 77002-3167

RE: **Process Served in California**

FOR: United Airlines, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Darryl Booher, etc., Pltf. vs. United Airlines, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 37202000027501CUBCCTL |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/12/2020 at 11:24 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | - |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/12/2020, Expected Purge Date: 08/17/2020 |
| | Image SOP |
| | Email Notification,  Tom Campuzano  thomas.d.campuzano@united.com |
| | Email Notification,  Maria Bustamante  maria.bustamante@united.com |
| | Email Notification,  Paula Hernandez  paula.hernandez01@united.com |
| | Email Notification,  Javaria Neagle  javaria.neagle@united.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Page 1 of  1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit A - Page - 1



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Wed, Aug 12, 2020

**Server Name:**       TIM GOHEEN

**Location:**          Santa Ana, CA-LA


Entity Served          UNITED AIRLINES, INC.

Agent Name             C T CORPORATION SYSTEM

Case Number            37-2020-00027501-cu-bc-ctl

Jurisdiction           CA-LA



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/06/2020** at 01:08:00 PM

Clerk of the Superior Court
By Mallori Dixon, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED AIRLINES, INC, a Delaware Corporation; and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DARRYL BOOHER, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court
330 West Broadway, San Diego, CA 92101

CASE NUMBER: *(Número del Caso):*
37-2020-00027501-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman D. Grissom, Esq. Law Offices of Norman Grissom, 5060 N. Harbor Dr., Suite 275, San Diego, CA 92106. 619-544-8940

DATE: 08/07/2020
*(Fecha)*
Clerk, by M. Dixon, Deputy
*(Secretario)* M. Dixon *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [x] on behalf of *(specify)*: United Airlines, Inc., A Delaware corporation
   under: [x] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [x] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Exhibit A - Page - 3

1  Norman D. Grissom (SBN 257389)
2  LAW OFFICES OF NORMAN DAVID GRISSOM
   5060 N Harbor Drive, Suite 255
3  San Diego, CA 92106
   Telephone: (619) 544-8940
4  Email: ndglaw2014@gmail.com

5  Attorney for Plaintiff, DARRYL BOOHER

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/05/2020** at 04:34:45 PM
Clerk of the Superior Court
By Jose Hernandez, Deputy Clerk

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF SAN DIEGO - CENTRAL BRANCH

10

11  DARRYL BOOHER, an individual,          Case No. 37-2020-00027501-CU-BC-CTL

12              Plaintiff               **COMPLAINT FOR DAMAGES:**

13          vs.
                                        1)  **BREACH OF WRITTEN**
14  UNITED AIRLINES, INC., a Delaware        **EMPLOYMENT AGREEMENT**
    Corporation; and DOES 1-20, inclusive,
15                                       2)  **NEGLIGENCE**
                Defendants.
16
                                        **DEMAND FOR JURY TRIAL**
17

18
            Plaintiff DARRYL BOOHER submits the following Complaint for Damages against
19
    Defendants UNITED AIRLINES, INC., and DOES 1 through 20.
20
                               **INTRODUCTION**
21
            1.      Plaintiff DARRYL BOOHER (hereinafter "BOOHER" or "Plaintiff") was employed
22
    by United Airlines Inc. (hereinafter "UNITED" or "Defendants") for approximately 14 years as a
23
    Customer Service Representative, with absolutely no history of disciplinary actions prior to January
24
    21, 2020.  BOOHER is and/or was a member of the International Association of Machinists and
25
    Aerospace Workers (hereinafter "IAMAW" or "the Union").
26
    ///
27
    ///
28

                                      -1-

1       2.      On January 21-22, 2020, BOOHER and hundreds of other UNITED Customer Service

2  Representatives and Reservation Agents attended a company sponsored training event in Chicago,

3  Illinois entitled "Backstage." Backstage was a series of meetings and/or presentations designed to

4  educate employees, and also to foster comradery and communication between UNITED co-workers.

5  Dinner and unlimited alcoholic beverages were provided after the meetings ended and during post-

6  meal activities. Alcoholic beverages were either placed on unattended trays or served *without limit* to

7  attendees. Attendees were encouraged to consume alcohol by agents of UNITED in order to promote

8  a relaxed atmosphere and encourage social interaction at the event.

9       3.  On January 21, 2020, about four hours after official company meetings had ended for

10  the day and BOOHER and other attendees had returned to the Palmer House Hilton where many

11  people were staying for the event, an alleged incident occurred between BOOHER and another United

12  Airlines employee in the lobby bar area of the hotel. The following day, the employee called her

13  supervisor and reported and/or alleged two instances of inappropriate contact between BOOHER and

14  herself the evening prior. Pursuant to the collective bargaining agreement between UNITED and the

15  Union, this disciplinary matter was governed by Article 9: <u>Investigations, Grievances & Arbitration</u> of

16  the 2016-2021 Passenger Service Agreement, relevant portions attached hereto as Exhibit "A."

17  BOOHER was immediately placed on paid leave by UNITED pending the outcome of investigation

18  into the allegations.

19       4.     The investigation was conducted by UNITED culminating in an Investigatory Review

20  Meeting ("IRM") held on March 17, 2020. At the IRM, evidence and argument were presented by

21  both the Union (on behalf of BOOHER) and by UNITED. No live testimony was presented at the

22  IRM, and the only short handwritten witness testimonials were submitted as evidence of the alleged

23  incident. BOOHER and the Union were not able to ask <u>any</u> questions of the accuser or other

24  witnesses and were therefore not afforded the opportunity to test the veracity of the witness statements

25  in a fair and impartial hearing. BOOHER was also not provided UNITED's total evidence to review

26  either prior to or at the hearing itself, severely hampering his ability to address the allegations.

27  ///

28  ///

5.      BOOHER was terminated via a letter from UNITED on April 2, 2020. The letter included a brief analysis of the limited evidence presented at the IRM, and subsequent conclusions of the UNITED decision makers. The April 2, 2020, letter was factually incorrect and its conclusions unsupported by the evidence. By this time, the COVID-19 pandemic had exploded in the northeastern USA and UNITED was in a state of free fall as travel bans, airspace closures, and low demand for travel had essentially halted air travel for all domestic airlines.

6.      BOOHER continued to exercise his review and appeal rights under the CBA and on April 21, 2020 a Third Step Grievance Review meeting was held **via conference call** due to COVID-19 restrictions on gatherings and other governmental restrictions. As at the prior administrative hearing, limited evidence and argument were presented by both the Union (on behalf of BOOHER) and UNITED. Again, BOOHER and the Union were not able to ask <u>any</u> questions of the accuser or other witnesses, nor review the entire investigation file, and were therefore not afforded the opportunity to test the veracity of the witness statements. BOOHER was denied any real opportunity to introduce exculpatory evidence or defend his position due to the California State mandated COVID-19 restrictions and Governor Newsom's Executive Orders. The Third Step Grievance Review meeting was technically problematic and materially impaired by the physical restrictions and lack of procedural due process.

7.      On or about April 30, 2020, BOOHER received a letter from UNITED which included a brief analysis of the limited evidence presented, and subsequent conclusions of the UNITED decision makers upholding his termination.

8.      On or about May 12, 2020, BOOHER received a letter from IAMAW's Assistant General Chair stating that "...the Union has determined that the grievance does not merit further appeal, therefore, your case is now closed in our files..." Subsequent attempts to contact both the Union and UNITED to allow BOOHER to proceed with private counsel have gone unanswered.

**PARTIES**

9.      Plaintiff BOOHER, is, and at all relevant times was, an individual residing in San Diego County, California and a former employee of UNITED AIRLINES, INC.

///

-3-
COMPLAINT FOR DAMAGES

1        10.     Defendant UNITED is, and at all relevant times was, a Delaware corporation duly

2  licensed by the California Secretary of State to conduct business in the State of California.

3        11.     Plaintiff is unaware of the true names and capacities, whether individual, corporate,

4  subsidiary, partnership, associate or otherwise, of Defendant DOES 1 through 20, inclusive, and who

5  therefore sues these Defendants by such fictitious names pursuant to Code of Civil Procedure Section

6  474. Plaintiff is informed and believes, and thereon alleges, that each such fictitiously named

7  defendant is in some manner, means or degree, connected with the matters alleged and is liable to

8  Plaintiff thereon.

9        12.     Plaintiff will seek leave to amend this Complaint to allege the true names and

10  capacities of DOES 1 through 20, inclusive, when they are ascertained. Plaintiff is informed and

11  believes, and based upon that information and belief alleges, that the Defendants named in this

12  Complaint, including DOES 1 through 20, inclusive, are legally responsible in some manner for one

13  or more of the events and happenings that proximately caused the injuries and damages hereinafter

14  alleged.

15                      **JURISDICTION AND VENUE**

16        13.     Jurisdiction is proper in the San Diego Superior Court pursuant to Section 410.10 of the

17  California Code of Civil Procedure because it has general subject matter jurisdiction and no statutory

18  exceptions to jurisdiction exist. The amount in controversy exceeds the jurisdictional minimum of this

19  Court.

20        14.     Venue is proper in the County of San Diego pursuant to Section 395 of the California

21  Code of Civil Procedure because Plaintiff BOOHER is resides in the County and performed work out

22  of San Diego International Airport.

23                      **FACTUAL ALLEGATIONS**

24        15.     On January 20 and 21 of 2020, Plaintiff and hundreds of other UNITED Customer

25  Service Representatives and Reservation Agents attended a 2-day company sponsored training event

26  in Chicago, Illinois entitled "Backstage." Unlimited alcoholic beverages were provided after the

27  meetings ended, during dinner and post-meal activities. Alcoholic beverages (beer and wine) were

28  either placed on trays or served *without limit* to attendees without the normal oversite of a bartender or

1   server regulating the frequency or volume of alcohol being served to attendees. Drinking was actually
2   encouraged by agents of UNITED in order to promote a relaxed atmosphere and encourage social
3   interaction.

4        16.   On January 21, 2020, about four hours after official company meetings had ended for
5   the day and BOOHER had returned to the Palmer House Hilton, where many people were staying for
6   the event, an alleged incident occurred between BOOHER and another United Airlines employee in
7   the lobby bar area of the hotel. The alleged incident was reported to UNITED the next day and
8   Plaintiff was contacted by UNITED immediately thereafter.

9        17.   Pursuant the collective bargaining agreement between UNITED and the Union, this
10   disciplinary matter was governed by Article 9: <u>Investigations, Grievances & Arbitration,</u> of the 2016-
11   2021 Passenger Service Agreement. (Attached hereto as Exhibit "A") BOOHER was placed on paid
12   leave by UNITED pending the outcome of investigatory process.

13        18.   An investigation was conducted by UNITED culminating in an Investigatory Review
14   Meeting (IRM) held on March 17, 2020. No live testimony was presented at the IRM, and BOOHER
15   and the Union were not able to ask <u>any</u> questions of the accuser or other witnesses and were therefore
16   not afforded the opportunity to test the veracity of the witness statements in a fair and impartial
17   hearing. BOOHER was also not provided UNITED's total evidence to review either prior to or at the
18   hearing itself, severely hampering his ability to address the allegations. Plaintiff alleges that the
19   limited scope of the IRM and the deviations from normal procedural due process were due to the then
20   exploding COVID-19 pandemic.

21        19.   BOOHER was terminated via a letter from UNITED on April 2, 2020. The April 2,
22   2020, letter was factually incorrect and its conclusions unsupported by the evidence. By this time, the
23   COVID-19 pandemic had exploded in the northeastern USA and UNITED was in a state of free fall as
24   travel bans, airspace closures, and low demand for travel had essentially halted air travel for all
25   domestic airlines.

26        20.   BOOHER continued to exercise his review and appeal rights under the CBA and on
27   April 21, 2020 a Third Step Grievance Review meeting was held **via conference call** due to COVID-
28   19 restrictions on gatherings and other governmental restrictions. As at the prior IRM hearing, limited

1  evidence and argument were presented by both the Union (on behalf of BOOHER) and UNITED.

2  Again, BOOHER and the Union were not able to ask <u>any</u> questions of the accuser or other witnesses,

3  nor review the entire investigation file, and were therefore not afforded the opportunity to test the

4  veracity of the witness statements. The entire Third Step Grievance Review meeting was technically

5  problematic and materially impaired by the COVID-19 restrictions and lack of procedural due

6  process. Plaintiff alleges that the limited scope of the Third Step Grievance Review and the deviations

7  from normal procedural due process were due to the COVID-19 pandemic restrictions.

8      21.    On or about April 30, 2020, BOOHER received a letter from UNITED which

9  summarized the Third Step Grievance Review meeting and included a brief analysis of the limited

10 evidence presented, and subsequent conclusions of the UNITED decision makers upholding his

11 termination.

12     22.    Plaintiff alleges that his entire disciplinary investigation and subsequent hearings and

13 review(s) were impacted to such a degree by the COVID-19 restrictions that he was denied a fair and

14 impartial due process required by Article 9: <u>Investigations, Grievances & Arbitration</u> of the 2016-

15 2021 Passenger Service Agreement.

16                    **FIRST CAUSE OF ACTION**
                  (Breach of Written Employment Agreement)
17

18     23.    Plaintiff repeats and realleges each and every allegation contained in the above

19 paragraphs, and by this reference incorporates the same herein as though fully set forth at length.

20     24.    On or about 2016, the IAMAW and UNITED entered into the 2016-2021 Passenger

21 Service Agreement, which relevant parts are attached hereto as Exhibit "A."

22     25.    Plaintiff has performed all conditions, covenants, and promises required on his part to

23 be performed in accordance with the terms and conditions of the contract with respect to Article 9:

24 <u>Investigations, Grievances & Arbitration</u> of the 2016-2021 Passenger Service Agreement.

25     26.    From January 22, 2020 to the present, Plaintiff requested that UNITED perform

26 its obligations under the contract and specifically Article 9 of the 2016-2021 Passenger Service

27 Agreement.

28 ///

-6-
<u>COMPLAINT FOR DAMAGES</u>

1     27.     From January 22, 2020 to the present, Defendant breached the contract by failing to

2   provide BOOHER a fair and procedurally sound disciplinary investigation and subsequent hearings as

3   provided for under the parties CBA.

4     28.     Plaintiff alleges that the limited scope of the IRM and the deviations from normal

5   procedural due process were due to the then exploding COVID-19 pandemic.

6     29.     Plaintiff alleges that the limited scope of the Third Step Grievance Review and the

7   deviations from normal procedural due process were the result of COVID-19 pandemic restrictions.

8     30.     As a result of Defendant's breach of the contract, Plaintiff has been damaged in an

9   amount to be determined at trial.

10                     **SECOND CAUSE OF ACTION**

11                         (Negligence)

12     31.     Plaintiff repeats and realleges each and every allegation contained in the above

13   paragraphs, and by this reference incorporates the same herein as though fully set forth at length.

14     32.     On or about  January 21, 2020, Plaintiff and hundreds of other UNITED Customer

15   Service Representatives and Reservation Agents attended a 2-day company sponsored training event

16   in Chicago, Illinois entitled "Backstage."  Backstage was a series of meetings and/or presentations

17   designed to educate employees, and also to foster comradery and communication between UNITED

18   coworkers.  Following the daily meeting agenda, employee attendees were provided dinner and

19   unlimited alcoholic beverages were provided during the meal and during post-meal socializing.

20   Alcoholic beverages, beer and wine were either placed on trays or served *without limit* to attendees.

21   Drinking was actually encouraged by agents of UNITED in order to promote a relaxed atmosphere

22   and encourage social interaction.  Plaintiff and other employees were required to abide by all

23   UNITED guidelines, rules and policies even after they left the venue and returned to their respective

24   hotels.

25     33.     At this time and place, Defendants, and each of them, controlled all aspects of the

26   venue and catering including the approval or orchestration of the meal and beverage service. Plaintiff

27   and Defendants share a contractual and/or special relationship, requiring Defendant employer to

28   provide a safe and risk adverse environment and allowing unlimited and unsupervised alcohol

1  consumption was reckless and placed Plaintiff and others at risk of alcohol related physical and

2  behavioral issues. A similar Backstage event was held approximately three (3) months earlier which

3  BOOHER is informed, resulted in several employees being disciplined and/or terminated for alcohol

4  related incidents. UNITED had a duty to Plaintiff and all attendees to provide a safe and risk adverse

5  environment for the duration of the event.

6         34.    At this time and place, Defendants and each of them, negligently allowed the unlimited

7  and unsupervised consumption of alcohol and placed Plaintiff and others at risk of alcohol related

8  physical and behavioral issues, so as to cause Plaintiff and other UNITED employees to become

9  excessively intoxicated and directly and legally cause the injuries and damages described below.

10         35.    As a direct and legal result of the negligence of Defendants, and each of them,

11  Plaintiff was involved in an alcohol related incident later that evening resulting in his termination and

12  loss of benefits. As a result of these injuries, Plaintiff has suffered general damages.

13         36.    As a further direct and legal result of the negligence of defendants, and each of them,

14  Plaintiff's earning capacity has been and will be greatly impaired, both in the past and present in an

15  amount according to proof.

16        **WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as

17  follows:

18      1.    For General Damages in an amount according to proof;

19      2.    For Loss of Earnings in an amount according to proof;

20      3.    For Interest at the legal rate according to proof;

21      4.    For costs of suit and attorney's fees herein;

22      5.    For injunctive relief; and;

23      6.    For such other and further relief as the Court may deem just and proper.

24  DATED: __8/4/20__      LAW OFFICES OF NORMAN D. GRISSOM

25

26                 By:

27                    Norman D. Grissom, Esq.
                  Attorney for DARRLY BOOHER

28

-8-

COMPLAINT FOR DAMAGES

# EXHIBIT 1

2016 - 2021 PASSENGER SERVICE AGREEMENT

## ARTICLE 9:   INVESTIGATIONS, GRIEVANCES & ARBITRATION

### A.   Investigations

    1.   An employee who has completed his/her probationary period will not be disciplined or discharged without just cause.  Except for attendance/dependability matters below the level of termination warning, the Company will conduct an investigatory meeting with an employee to discuss charges that, with reasonable foreseeability, could result in discipline.  The Company will provide written notice to the employee of any such action, and will copy the Union's Local Committee on all such notices.  An employee who has completed his/her probationary period will have access to the grievance process.

    2.   The Company will follow a progressive discipline system.  This will not limit the Company's ability to discharge employees for a single serious offense, to hold an employee out of service without pay, or to issue a disciplinary suspension if circumstances so warrant.

    3.   If the Company intends to question a non-probationary employee as part of an investigation that, with reasonable foreseeability, could result in discipline against that employee, the Company will inform the employee that he/she has the right to have a Union representative present during the questioning.  If the employee elects to have a Union representative present, the Union representative will not interfere with the Company's questioning, but at the conclusion of the Company's questioning will be given an opportunity to ask clarifying questions. The Union representative will be afforded a reasonable opportunity to consult with the employee before questioning begins.  This Section A.3 will not apply to Supervisor inquiries of employees in the normal course of work.

    a.   Where a non-probationary Reservations Remote Agent (RRA) is to be disciplined (other than discharge) or questioned as part of an investigation that, with reasonable foreseeability, could result in discipline against that RRA, all discussions between the RRA and his/her Union representative will be by telephone, and the RRA will have a reasonable opportunity to consult with the Union representative on the call before the questioning begins.  In the event of discharge, the meeting with the Company and the RRA's Union representative will, at the RRA's request, be conducted in person at a location designated by the Company.

    4.   Employees held out of service pending investigation of disciplinary charges will incur no loss of pay, except that employees may be held out of service without pay when charged with any of the following: (1) being arrested for or charged with a disqualifying criminal offense that falls under the jurisdiction of the airport or city where the employee works; (2) participating in an unlawful or prohibited job action; (3) refusal or adulteration of a drug or alcohol test; (4) insubordination, or refusal to obey a direct order that is not safety-related; (5) refusal to participate in a Company investigation; (6) an act or threat of abuse or violence; (7) an act of fraud; or (8) use or possession of alcohol, illegal drugs, or weapons on Company property.  In the event an employee is held out-of-service without pay, proposed termination charges will be prepared within 30 days from the date the

employee was held out of service. If circumstances require an employee to be held out of service without pay and without charge for greater than 30 calendar days, the employee will revert to paid status beginning on the 31st day, provided the employee is otherwise fully qualified and available to work. Upon issuance of the proposed charges, the parties will meet to schedule the Investigative Review Hearing within 15 calendar days.

5.   No employee will be disciplined to the extent of loss of pay (other than for insubordination, job abandonment or failure to attend a scheduled investigatory meeting) or discharged from employment without a prompt, fair and impartial investigative hearing at which he may be represented and assisted by Union Representatives.   Prior to the hearing, the Company will give the Union and employee copies of any previous disciplinary action letters which are to be considered, and the Company will advise the Union in writing of the precise charges against the employee. The Union and employee will have at least 72 hours advance notice (excluding Saturdays, Sundays, and Holidays) prior to any disciplinary hearing, and at least 72 hours (excluding Saturdays, Sundays, and Holidays) before the hearing the Company and the Union will provide to each other copies of documents or records upon which they intend to rely at the hearing. Any appeals of discipline imposed as a result of the investigative review hearing will be made directly to Step 3 of the grievance procedure using the rules and time limits which apply to that Step.

6.   Witnesses necessary for a proper disciplinary investigation or hearing will be compensated at their applicable rate for time spent in the investigation or hearing. The employee charged or under investigation will be compensated for time spent in the investigation or hearing at his/her straight-time rate.

7.   Upon written or verbal authorization from the employee, the Company will provide the Union with access to the employee's personnel file at a time and location to be determined by the Company, and the Union will be entitled to copies of any documents contained in the file.

8.   Upon receipt of the employee's written request submitted no sooner than 15 months after the date of a disciplinary letter (including letters of warning, reprimand, or suspension), the Company will remove the record of that disciplinary action from the employee's active personnel file. The 15 month waiting period will not include periods while the employee was on layoff, Leave of Absence or Extended Illness Status. Regardless of whether the employee requests removal, disciplinary letters more than 15 months old may not be considered by the Company as part of the employee's past record when assessing subsequent discipline.

a.   In instances of disciplinary discharges or discipline involving a violation of the Company's policy against harassment, discrimination, or retaliation (H&D Policy), the record will, pursuant to Section A.8 above, be removed from the employee's personnel file. However, records will remain in the Company's corporate fair employment practices files for 48 months and during that period may be considered in connection with future alleged instances of the employee's violation of the Company's H&D policy.

2016 - 2021 PASSENGER SERVICE AGREEMENT

9.   In the event that the Company determines that an employee holding a Lead classification is not meeting the qualifications and performance requirements of the position, the following process will normally apply:

a.   The Company will provide the employee with coaching and counseling that makes the employee aware of his/her performance deficiencies and the improvements or corrections required to bring his/her performance to acceptable levels to remain in the Lead position.

b.   If the employee's performance does not improve to acceptable levels, the Company will provide targeted training reasonably calculated to assist the employee in making the required improvements or corrections.

c.   If the employee continues to perform below acceptable levels, a written warning will document that fact and formally notify the employee that failure to correct his/her performance to a level meeting the qualifications and performance requirements of the Lead position will result in the employee being returned to the basic classification associated with the position. This written warning will remain in effect for 12 months, regardless of whether or when the Company determines that the employee either has improved to acceptable levels or should be returned to the basic classification.

d.   At any time after issuance of the written warning while it remains in effect, the Company may return the employee to the basic classification based on its judgment that the employee does not meet the minimally acceptable qualifications and performance requirements of the Lead position.

e.   As circumstances warrant, these performance improvement steps may be accelerated or escalated to correct the employee's conduct. Documentation is not subject to automatic purging and will remain in the employee's file until it expires according to its terms.

## B.   Grievances and Arbitration

1.   Purpose If an employee, group of employees, or the Union believes that the Company has either violated the Agreement in how it disciplined or discharged an employee or interpreted or applied the Agreement, the complaint should be settled at the lowest possible level based upon the facts and common sense under the following procedures.  The Company will designate a representative(s) at each location where persons covered by this Agreement are employed who is empowered to settle all local grievances not involving change in Company policy, or interpretations, or changes in the intent and purpose of this Agreement.

2.   Procedures

a.   Time Limits Because the ability to research or document issues decreases over time, complaints must be lodged promptly after the disputed event occurs. The Company is not responsible for any monetary remedy extending more than 30 days prior to the filing of the complaint in writing in Step 1. Any Company answers not appealed in writing within the required time limits for any step of the procedure will be considered closed on the basis of the

9-3

**ARTICLE 9**                                        **INVESTIGATIONS, GRIEVANCES & ARBITRATION**

(A) To be properly before the System Board, the appealing party's Submission must include: (a) the question or questions at issue; (b) a statement of the specific Agreement provisions which are claimed to have been violated; (c) all facts relating to the dispute which it intends to cite in support of its position; and (d) its full position.

(B) A copy of this Submission will be served on the other party.

(C) In cases involving appeals of disciplinary action, letters in the file, suspension, or discharge, the only written procedural step will be the Union's Submission to the Board.

(D) In cases not involving appeals of disciplinary action, letters in the file, suspension, or discharge, either:

(1) Within 40 days of receiving the appealing party's Submission, the other party will file a Statement of Position with the appealing party and System Board that will include: (a) the question or questions at issue; (b) all facts relating to the dispute which it intends to cite in support of its position; and (c) the full position on which it will rely, or

(2) Where the parties agree, in advance of the System Board hearing, the Company and Union will prepare a Joint Submission to the System Board which will be signed by each representative and presented to the System Board Member(s). The Joint Submission will include: (a) the issue or issues to be decided; (b) the facts on which the parties agree; (c) the disputed facts; and (d) the primary positions of each party.

(3) Any delay in the filing of a Statement of Position will not cause a delay in the scheduling of the hearing unless expressly agreed to by the parties.

(E) Within 15 days after the date the Statement of Position or Joint Submission is filed with the other party, the parties will advise the System Board of the facts, if any, on which they desire to present evidence during the hearing. Each party will have the opportunity at the hearing to present evidence on the facts on which the other party presents evidence. The Chairman may also advise the parties the facts on which he desires to have evidence.

(iii) System Board Hearings

(A) Witnesses who are Company employees will receive free non-revenue positive space (NRPS) transportation over the lines of the Company from the point of duty or assignment to the point at which they must appear as witnesses and return, to the extent permitted by law.

9-6

2016 - 2021 PASSENGER SERVICE AGREEMENT

ARTICLE 9                                    INVESTIGATIONS, GRIEVANCES & ARBITRATION

(B)  Witnesses testifying at the hearing may be required to do so under oath if requested by either party.

(C)  Evidence presented at the hearing may include sworn depositions, written evidence, or oral testimony.

(D)  Notwithstanding Section B.2.b above regarding stenographic records generally, if a stenographic record of a Step 4 System Board hearing is requested by either party, the cost will be shared equally between the parties.

(E)  Each party will assume the compensation, travel expense and other expenses of the witnesses it calls or summons. The expenses of the Chairman will be shared equally by the Company and the Union.

(F)  No post hearing briefs will be required following System Board hearings, but either party will be entitled to submit a brief if it so chooses.

(iv)  System Board Decisions

(A)  The Chairman will give his written decision within 30 days of the close of the hearing unless extended by mutual agreement.

(B)  The Chairman's copy of all transcripts and/or all records of cases will be filed in a place to be provided by the Company that will be accessible to the parties.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7067 | |

| PLAINTIFF(S) / PETITIONER(S): Darryl Booher |
|---|

| DEFENDANT(S) / RESPONDENT(S): UNITED AIRLINES INC |
|---|

BOOHER VS UNITED AIRLINES INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2020-00027501-CU-BC-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Eddie C Sturgeon                                     Department: C-67

**COMPLAINT/PETITION FILED:** 08/05/2020

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/02/2021 | 10:30 am | C-67 | Eddie C Sturgeon |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Norman D. Grissom, SBN: 257389<br>Law Offices of Norman Grissom<br>5060 N. Harbor Dr., Suite 255, San Diego, CA 92106<br><br>TELEPHONE NO.: 619-544-8940    FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff DARRYL BOOHER | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**08/05/2020** at 04:34:45 PM<br><br>Clerk of the Superior Court<br>By Jose Hernandez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice - Central Division

CASE NAME:
DARRYL BOOHER v. UNITED AIRLINES, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2020-00027501-CU-BC-CTL<br>JUDGE:<br>DEPT.:   Judge Eddie C Sturgeon |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 4, 2020
Norman Grissom, Esq.
_____
(TYPE OR PRINT NAME)            *Norman D. Grissom*
                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |



## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2020-00027501-CU-BC-CTL      CASE TITLE: Booher vs UNITED AIRLINES INC [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** *and*
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>**Local ADR Programs for Civil Cases**</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>**Legal Representation and Advice**</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO** | |
| STREET ADDRESS:        330 West Broadway | |
| MAILING ADDRESS:     330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:          Central | |

| |
|---|
| PLAINTIFF(S):    Darryl Booher |

| |
|---|
| DEFENDANT(S): UNITED AIRLINES INC |

| |
|---|
| SHORT TITLE:      BOOHER VS UNITED AIRLINES INC [IMAGED] |

| **STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2020-00027501-CU-BC-CTL |
|---|---|

Judge: Eddie C Sturgeon                                              Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following
alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                                    ☐  Binding private arbitration

☐  Voluntary settlement conference (private)   ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                       ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____                    _____
Name of Plaintiff                                                       Name of Defendant

_____                    _____
Signature                                                                 Signature

_____                    _____
Name of Plaintiff's Attorney                                      Name of Defendant's Attorney

_____                    _____
Signature                                                                 Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement,
the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

_____
Dated:  08/06/2020                                                  JUDGE OF THE SUPERIOR COURT

Exhibit A - Page - 24